UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SARINA L. WOJCIECHOWSKI, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-43 |
| | § | |
| NATIONAL OILWELL VARCO, L.P., | § | |
| | § | |
|     Defendant. | § | |

## ORDER

On this day came on to be considered Defendant National Oilwell Varco's Renewed Motion to Dismiss (D.E. 25).[1]  For the reasons set forth below, Defendant's motion is hereby GRANTED.

**I.   JURISDICTION**

This Court has subject matter jurisdiction over this action because Plaintiff has brought claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Sarina Wojciechowski alleges as follows in her operative complaint:

Plaintiff was discriminated against because of her sex while she was an employee for Defendant National Oilwell Varco.  She was given heavier work assignments and less pay than her similarly-situated male counterparts. (D.E. 24, p. 3.)  Her male counterparts received assistance, but she did not. (Id.)  Further, her male counterparts were given the use of company vehicles, but she was not. (Id. at 3-4.)  Plaintiff was laid off on April 13, 2009.  She was told she was being laid off "due to no fault of her own and despite a good job performance." (Id. at 4.)  However, she was replaced by a male who was given more pay for less work. (Id.)

---

[1] Defendant National Oilwell Varco's previous Motion to Dismiss (D.E. 8) is now moot.

On April 16, 2009, three days after she was terminated from her job, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (D.E. 24, p. 4.) In her charge of discrimination, Plaintiff alleged discrimination under Title VII of the Civil Rights Act and The Equal Pay Act. (D.E. 8, Ex. 1, p. 1.) Plaintiff checked off that she had been discriminated on the basis of her "sex" and "other," indicating "equal pay." (D.E. 8, Ex. 1, p. 1-2.) She did not check "retaliation" and she made no mention of the fact that she was laid off on her charge of discrimination. (D.E. 8, Ex. 1.) She checked off that the discrimination was a "continuing action," and stated the "earliest" date of discrimination was September 1, 2008 and the "latest" date of discrimination was April 1, 2009. (Id.)

Originally, Plaintiff brought the following claims against Defendant: gender discrimination under Title VII, 42 U.S.C. § 2000e et seq. and the Equal Pay Act, 29 U.S.C. § 206 et seq., discrimination under the Texas Labor Code § 21.051 et seq., disparate treatment on account of her sex in violation of Title VII and the Equal Pay Act, and wrongful discharge from her job. (D.E. 1, p. 5.)

On March 17, 2010, the Court held an Initial Pretrial Conference in this matter, and ordered Plaintiff to submit authority in support of her position that she properly exhausted her administrative remedies as to her wrongful termination and retaliation claims.[2] Plaintiff was ordered to submit this authority by March 18, 2010.

Unable to find any authority, Plaintiff instead filed a "Notice of Intent to Amend Complaint" on March 18, 2010, in which Plaintiff agreed to "delet[e her] claims for Retaliation and Wrongful Termination." (D.E. 23, p. 1.) Plaintiff then filed an amended complaint, the

---

[2] Plaintiff did not mention either claim in her EEOC charge, even though she filed her EEOC charge after both claims allegedly occurred.

operative complaint in this case, on March 26, 2010. (D.E. 24.)  In accordance with her Notice of Intent to Amend Complaint, Plaintiff's operative complaint states that she "does not sue … for retaliation." (D.E. 24, p. 4.)  However, contradicting her Notice of Intent to Amend Complaint, she states that she "does sue for wrongful discharge as a natural and foreseeable part of [her] EEOC charge." (D.E. 24, p. 4-5.) (emphasis added).  Defendant National Oilwell Varco now moves to dismiss Plaintiff's claim for wrongful termination under the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act. (D.E. 25.)

III.   ANALYSIS

   A.   Federal Rule of Civil Procedure 12(b)(6) motion to dismiss

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007.) (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  Cuvillier, 503 F.3d at 401 (citing Twombly, 127 S.Ct. at 1966 (internal citations and quotations omitted)).  In deciding a motion to dismiss "[w]e must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff."  Cent. Laborers' Pension Fund v. Integrated Elec. Servs., 497 F.3d 546, 550 (5th Cir. 2007) (citing Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)).  "Nevertheless, '[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'"  Id.

> **B.  Plaintiff failed to exhaust her administrative remedies with respect to her wrongful termination claim under the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act.**

Prior to filing suit under Title VII or the Texas Commission on Human Rights Act ("TCHRA"), a plaintiff must exhaust her administrative remedies. Barnes v. Levitt, 118 F.3d 404, 408 (5th Cir. 1997) ("The filing of an administrative complaint is a jurisdictional prerequisite to a Title VII action.... [A] complainant must pursue and exhaust his administrative remedies prior to filing a judicial complaint."); Harris v. Honda, 213 Fed.Appx. 258, 261 (5th Cir. 2006) ("Courts are only to consider TCHRA claims after the plaintiff has exhausted his administrative remedies.")  Accordingly, this Court cannot consider claims of discrimination that were omitted from Plaintiff's EEOC charge.[3]  Anderson v. Lewis Rail Service Co., 868 F.2d 774, 775 (5th Cir. 1989) ("[A] district court may consider only those grounds of a Title VII complaint that were raised in the administrative process.") (citations omitted).  Because this exhaustion requirement gives the employer some warning as to the conduct about which the employee is complaining, and also affords the EEOC and the employer an opportunity to settle the dispute through conciliation, "it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).

---

[3]  One exception to this exhaustion requirement is where a plaintiff is wrongfully terminated in retaliation for bringing an EEOC charge of discrimination.  Where the defendant's retaliatory action occurs <u>after</u> the plaintiff has brought his EEOC charge of discrimination, the plaintiff need not include the retaliation claim in his EEOC charge of discrimination in order to exhaust his administrative remedies as to his claim of retaliation.  So long as his wrongful termination claim is "within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," the plaintiff can still be said to have exhausted his wrongful termination claim, even though he failed to explicitly state in his EEOC charge that he was wrongfully terminated. Burns v. Air Liquide America, L.P., 515 F.Supp.2d 748, 754 (S.D. Tex. 2007) (citing Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006) and Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)).  This exception to the exhaustion requirement does not apply in the present case, however, because Plaintiff was terminated <u>before</u> she filed her EEOC charge; moreover, Plaintiff, in her operative complaint, specifically denies any claim for retaliation. (D.E. 24, p. 4.)

Here, Plaintiff seeks to bring a claim for wrongful termination under Title VII and the TCHRA; however, she failed to raise any issue of wrongful termination in her EEOC charge of discrimination, even though she filed her charge of discrimination three days after she was terminated. (D.E. 24, p. 4.) As explained above, no party may bring a claim for wrongful termination under Title VII and the TCHRA in this Court without first exhausting her administrative remedies. See Barnes v. Levitt, 118 F.3d 404, 408 (5th Cir. 1997) and Harris v. Honda, 213 Fed.Appx. 258, 261 (5th Cir. 2006). By failing to raise her claim for wrongful termination in her EEOC charge of discrimination, Plaintiff has failed to exhaust her administrative remedies as to this claim. Id. Accordingly, even apart from filing notice with the Court that she would not be suing for wrongful discharge, Plaintiff's failure to exhaust her administrative remedies plainly precludes her from bringing a charge for wrongful discharge under either the Texas Commission on Human Rights Act or Title VII of the Civil Rights Act.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Renewed Motion to Dismiss is GRANTED. (D.E. 25.) Accordingly, Plaintiff's claims for wrongful termination under Title VII and the TCHRA are dismissed.

SIGNED and ORDERED this 13th day of May, 2010.

_____
Janis Graham Jack
United States District Judge